**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan JAVIER CARDENAS, a.k.a.
Maceo, Defendant–Appellant.**

**No. 10–15551
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 26, 2011.

Anne R. Schultz, Wifredo A. Ferrer, U.S. Attorney, Mark Osborne, U.S. Attorney's Office, Miami, FL, Joseph E. Springsteen, Organized Crime/Racketeering Sec., Crim. Div., Washington, DC, for Plaintiff–Appellee.

Beatriz Galbe Bronis, Vincent Farina, Federal Public Defender, Kathleen M. Williams, Federal Public Defender, Federal Public Defender's Office, Miami, FL, Ricardo Javier Bascuas, University of Miami School of Law, Coral Gables, FL, for Defendant–Appellant.

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Juan Javier Cardenas appeals his sentence of imprisonment for 121 months following his plea of guilt to conspiring to commit fraud in connection with access devices, 18 U.S.C. § 1029(b)(2), and fraud in connection with the trafficking of unauthorized access devices, *id.* § 1029(a)(2). Cardenas argues that his sentence is procedurally unreasonable because the district court failed to explain why it did not order his federal sentence to run concurrently with any state sentence that might be imposed for pending state charges against him. We affirm.

We review sentences for reasonableness, which is deferential standard of review for abuse of discretion. *Gall v. United States,* 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).

Cardenas's sentence is procedurally reasonable. At the sentencing hearing, the district court stated that it had considered the parties' statements, the presentence investigation report, and the statutory factors for sentencing, 18 U.S.C. § 3553(a). The district court imposed the sentence requested by the parties. Cardenas later requested that the district court provide him credit for time served in state custody awaiting trial on state charges, but Cardenas did not request that his federal sentence run concurrently with any future

state sentence. The district court did not abuse its discretion.

**AFFIRMED.**